IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-58 |
| | § | C.A. No. C-06-397 |
| JUAN GARCIA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Juan Garcia's ("Garcia") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 22),[1] which the Clerk received on September 14, 2006. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court dismisses his motion because Garcia validly waived his right to file the claims raised in his § 2255 motion. Moreover, even if his motion were properly before the Court, the sole claim he raises does not entitle him to relief. For these reasons, discussed in more detail herein, Garcia's motion is DISMISSED WITH

---

[1] Dockets entries refer to the criminal case, C-05-cr-58.

1

PREJUDICE.  Additionally, Garcia's motion to proceed *in forma pauperis* is DENIED AS MOOT.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On January 26, 2005, Garcia was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  (D.E. 8).  On June 29, 2005, Garcia pleaded guilty to the indictment pursuant to a written plea agreement.  (D.E. 13, 14). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range.  (D.E. 14 at ¶¶ 1-2).

The plea agreement contained a voluntary waiver of Garcia's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 USC § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 USC § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after

>   the conviction or sentence has become final.  The defendant
>   waives the right to contest his/her conviction or sentence by
>   means of any post-conviction proceeding.

(D.E. 14 at ¶ 8) (emphasis in original).  The agreement was signed by Garcia and his counsel.  (D.E. 14 at 5).

At Garcia's rearraignment, the prosecutor summarized the written plea agreement, and specifically stated that Garcia "waived [his] right to appeal the sentence imposed or the manner in which it was determined, including any collateral attack rights [he] may have under Title 28, United States Code, Section 2255." (Digital Rec. of June 29, 2005 Rearraignment ("R. Rec.") at 9:50).  During the rearraignment, Garcia testified that he discussed the plea agreement with his attorney, and that his attorney had explained to him the waiver of appeal rights and § 2255 rights. (R. Rec. at 9:56).

The Court also questioned Garcia under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  In ensuring that his waiver of § 2255 rights was voluntary, the Court asked Garcia:

>   **THE COURT:** Now I'm also told that you are giving up, as
>   part of this plea agreement in return for the favorable
>   recommendation, your right to appeal any decision that I make
>   on your sentencing.  So that, in fact, what I say on your
>   sentence is the last word on your sentence, because you're
>   giving up your right to ask another court to review my decision.
>
>   You're also giving up your right to file any challenges later to
>   your conviction or your sentence after it has become final.
>   Under Title 28, there are certain rights to file such petitions, but

3

> you are giving up those rights.
>
> Do you want to give up your rights to appeal your sentence and your right to file such a petition or petitions later, Mr. Garcia?
>
> **DEFENDANT:** Yes, Your Honor.

(R. Rec. at 9:55-9:56). Garcia further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency in exchange for his guilty plea, and that no one had promised him what his sentence would be. (R. Rec. at 9:48; id. at 9:57). He testified that it was his decision to plead guilty, and that he was pleading guilty because he was guilty. (R. Rec. at 9:49).

It is clear from the foregoing that Garcia's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Garcia on October 13, 2005 to 72 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 20, 21). Judgment of conviction and sentence was entered October 17, 2005. (D.E. 21). Consistent with his waiver of appellate rights, Garcia did not appeal. His § 2255 motion was received by the Clerk of this Court on September 14, 2006. (D.E. 22, 23). It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Garcia a single claim for relief. Specifically, he claims that the felony

4

and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.[2] In his supporting memorandum, he "acknowledges that existing precedent of the Supreme Court ... forecloses his argument on this sole issue, but he raises it here to preserve it for possible further review by the United States Supreme Court." (D.E. 23 at 3).

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Garcia has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived the claims he raises in his

---

[2]  Subsection (b) increases the criminal penalties for reentry of certain removed aliens, including additional penalties for those previously convicted of certain crimes.  It is implemented in the Sentencing Guidelines through Section 2L1.2.

§ 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)

**B.     Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Garcia understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Garcia's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that his waiver was knowing and voluntary.  Garcia's claims fall within the scope of that waiver.  Thus, they are not properly before the Court. See generally Wilkes, supra; White, supra.

For the foregoing reasons, Garcia's motion is barred by his waiver and is therefore DISMISSED WITH PREJUDICE.

**C.     Constitutional Challenge to 8 U.S.C. §§ 1326(b)(1) and 1326(b)(2)**

Moreover, as Garcia acknowledges, his challenge to the constitutionality of 8 U.S.C.

6

§ 1326(b)(1) and (2) fails as a matter of law. In Almendarez-Torres, a case decided prior to Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. 523 U.S. at 235. Thus, the Almendarez-Torres court concluded that it was not necessary for the factor to be contained in the indictment or found by a jury beyond a reasonable doubt. This case was the genesis of the prior conviction exception to the rule of Apprendi. See Apprendi, 530 U.S. at 487-90 (calling Almendarez-Torres an "exceptional departure," but declining to revisit the issue and treating the case as a "narrow exception" to the general rule set forth in Apprendi). Almendarez-Torres forecloses Garcia's argument that his enhancement pursuant to ¶ 1326(b)(2) is unconstitutional because it allows a prior conviction to be used to enhance a defendant's sentence, even if that conviction was not alleged in the indictment, found by a jury or admitted by him.

As noted, Garcia acknowledges that Almendarez-Torres has not yet been overruled, but believes that its viability it in doubt and that the Supreme Court may overrule it soon. While it is true that the holding in Almendarez-Torres has been called into doubt by some,[3]

---

[3] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has suggested that the decision should be overturned:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

Garcia is correct that it currently remains good law. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (Almendarez-Torres remains binding); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (same). Almendarez-Torres controls this case and this Court is powerless to overturn Supreme Court precedent. For this additional reason, even if he had not validly waived his right to appeal, Garcia is not entitled to relief on his claim.

**D.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garcia has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Garcia has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Garcia is not entitled to a COA.

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84). The Court concludes that reasonable jurists could not debate the denial of Garcia's § 2255 motion on substantive grounds, nor find that the issue presented is adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

For all of these reasons, Garcia is not entitled to a COA.

**E.     Motion to Proceed *in forma pauperis***

Garcia has also filed an application to proceed *in forma pauperis*. For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Garcia's motion for *in forma pauperis* status is DENIED AS MOOT.

## V.  CONCLUSION

For the foregoing reasons, Garcia's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 22) is DISMISSED WITH PREJUDICE. Garcia is also DENIED a Certificate of Appealability. Finally, Garcia's motion for *in forma pauperis* status is DENIED AS MOOT.

ORDERED this 24th day of September 2006.

_____
HAYDEN HEAD
CHIEF JUDGE